IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY LEE G.,                       No. 2:18-cv-00581-JR

          Plaintiff,                       ORDER

     v.

COMMISSIONER, SOCIAL
SECURITY ADMINISRATION,

          Defendant.

HERNÁNDEZ, District Judge:

      Magistrate Judge Russo issued a Findings and Recommendation on August 3, 2022, in which she recommends that this Court grant in part Plaintiff's application for fees and award attorney fees and costs under the Equal Access to Justice Act ("EAJA") in the sums of $14,296.60 and $182.24, respectively. F&R 7, ECF 39. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 41. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objected to Judge Russo's reduction of Plaintiff's fee request, focusing on Judge Russo's finding that 14.7 hours were spent on claims that were "unrelated" and "unsuccessful" and should be excluded from the award. Pl. Obj. 2. Hours spent on unrelated, unsuccessful. claims that are entirely distinct and separate from claims on which the plaintiff prevailed should not be included in an award of fees. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). Claims are unrelated if they are factually and legally distinct. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). But "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the court did not adopt each contention raised." *Id.* at 440. Even if the plaintiff does not receive all the requested relief, the result can warrant full recovery of fees. *Sorenson*, 239 F.3d at 1147.

Courts have determined that social security cases should be viewed as a single claim because they involve a common core of facts and related legal theories. *See Kirkland v. Comm'r Soc. Sec. Admin.*, No. 3:17-CV-01729-SI, 2019 WL 1767882, at *2 (D. Or. Apr. 22, 2019) (plaintiff asserted a single claim for benefits even though parties and the court divided arguments for convenience). Remand for further proceedings can be a successful outcome in a social security case, especially when it is the relief sought by the plaintiff. *See Templeman v. Berryhill,* No. 6:15-CV-01946-HZ, 2017 WL 878229, at *2 (D. Or. Mar 6, 2017) (awarding full EAJA fees despite plaintiff obtaining remand for further proceedings rather than benefits); *Bade v. Colvin*,

No. 3:15-CV-00839-MO, 2016 WL 6804876, at *2 (D. Or. Nov 14, 2016) (declining to reduce fees because "outright awards of benefits are rare on appeal, and the issue …remanded …has a significant impact").

Here, there is a single claim for review of the ALJ's decision to deny disability benefits. Even though Plaintiff made individual arguments, they stem from a common core of facts and this single claim for relief. Plaintiff's arguments were not frivolous. *See Hopper v. Colvin*, No. 6:13-cv-01525-HZ, 2015 WL 2094019, at *4 (D. Or. April 30, 2015) (noting the plaintiff's arguments were not frivolous and declining to "reduce [counsel's] fees simply because [the plaintiff] did not prevail on every issue raised"). Additionally, Plaintiff attained the relief sought—a reversal of the decision denying him disability benefits and a remand for further proceedings. Accordingly, the claims here are related and successful enough to warrant an award of full EAJA fees.

The Court has reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS in part Magistrate Judge Russo's Findings and Recommendation [39]. Plaintiff's motion for fees and expenses [33] is GRANTED. EAJA fees and costs are awarded in the amounts of $17,260.12 and $182.24, respectively.

IT IS SO ORDERED.

DATED: ___December 28, 2022___.

                                                            MARCO A. HERNÁNDEZ
                                                            United States District Judge

3 - ORDER